No. 2294.—I. BLOOM & Co. *v.* L. H. STERN & Co.

A note of a commercial firm given by one of its members in settlement of a liability of the firm, as surety or guarantor, is binding on the firm if it be shown that the firm have recognized the acts of the member in contracting the liability and in making the note.

APPEAL from the Fifth District Court, parish of Orleans. *Leaumont,* J. *Race, Foster & E. T. Merrick,* for plaintiffs and appellants. *Cotton & Levy,* for defendants and appellees.

LUDELING, C. J. This is a suit on a promissory note for $1000, drawn on the second of May, 1867, payable twelve months after date, to the order of the plaintiffs, and signed L. H. Stern & Co.

The evidence shows that L. H. Stern introduced to the house of I. Bloom & Co. one H. D. Doherty, and induced the latter firm to sell him goods by assuring them that the firm of L. H. Stern & Co. would be responsible.

Dorherty failing to pay, the plaintiffs called on L. H. Stern, one of the members of L. H. Stern & Co., for payment. He induced plaintiffs to execute their two drafts on Doherty, their debtor, in favor of L. H. Stern & Co., to facilitate the collection of the debt by L. H. Stern &

Co., who undertook the collection. These drafts, though accepted by Doherty, were never paid.

L. H. Stern & Co., through L. H. Stern, then compromised with plaintiffs by agreeing to execute their note in favor of the plaintiffs for $1000. It is this note which forms the subject of this suit.

We think the evidence clearly shows that L. H. Stern & Co. are bound for the amount of this note. In another record, which is also before us, it appears that L. H. Stern & Co. have sued I. Bloom & Co. on the drafts given to facilitate the collection of the debt from Doherty, thus showing the firm recognized the acts of L. H. Stern.

It is therefore ordered and adjudged that the judgment of the district court be avoided, and that there be judgment in favor of I Bloom & Co. against the defendants in solido for the sum of $1000, with five per centum per annum interest thereon from judicial demand, and costs of both courts.

Rehearing refused.